Filed 5/27/16  P. v. Vasquez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH VASQUEZ,<br><br>    Defendant and Appellant. | G051674<br><br>(Super. Ct. No. 13NF2072)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part, reversed in part, and remanded.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

Joseph Anthony Vasquez appeals from the trial court's Proposition 47 resentencing order. He argues that because he had completed his felony term of imprisonment, the court lacked authority to impose misdemeanor parole upon resentencing, or in the alternative that remand is required because the court failed to ensure the new parole period did not exceed his remaining term of postrelease community service (PRCS). He also contends he was entitled under governing law to apply custody credits for excess time he served under his former felony sentence to reduce his parole period and fines, and that the fines first should have been reduced to the minimum amounts applicable to misdemeanor convictions. We conclude the court correctly imposed parole, but erred: (a) in failing to ensure the parole period did not result in a total term exceeding defendant's original sentence, and (b) in declining to apply his excess custody credits to reduce his parole and eligible fines. Because we must reverse and remand for resentencing, defendant's challenge to the restitution and parole revocation fine amounts is moot.

I

FACTUAL AND PROCEDURAL BACKGROUND

In September 2013, defendant pleaded guilty to theft with three prior convictions (Pen. Code, §§ 666, subd. (a), 484, subd. (a), 488; all further undesignated statutory references are to this code), second degree commercial burglary (§§ 459, 460, subd. (b)), and possession of drug paraphernalia (Health & Saf. Code, 11364.1, subd. (a)), and he admitted the prior convictions. The factual basis for defendant's plea included his statement that in April 2013 he willfully and unlawfully entered a Walmart store with the intent to steal, completed the theft, and that he previously had been convicted of theft offenses in December 2008, April 2009, and March 2011. He also admitted he possessed narcotics paraphernalia.

After dismissing the priors (§ 1385), the trial court sentenced defendant to the low term of 16 months on the theft count, with a concurrent six-month term on the

2

drug count, and stayed sentencing for the burglary under section 654. The court also imposed a $280 restitution fine (§ 1202.4) and an additional $280 fine if defendant's parole were revoked (§ 1202.45).

In March 2015, while on PRCS, defendant filed a petition under Proposition 47 to have his felony theft and burglary convictions designated as misdemeanors (§ 1170.18, subd. (f)). The trial court granted the petition, but over defendant's objection did so under subdivision (a), rather than (f), resulting in a one-year parole term. The court also sentenced defendant to 365 days in jail, with credit for time served of 183 actual days and 182 days for good conduct, but the court declined to apply against his parole term any excess credit for the period defendant served in prison, nor his time on PRCS.

## II

## DISCUSSION

Defendant first argues he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), when he filed his petition because he had completed his prison term. He remained on PRCS at that time, but insists PRCS does not qualify as part of his sentence for purposes of redesignating his offense. A person who has "completed his or her sentence" for a felony offense that Proposition 47 reclassifies as a misdemeanor may apply to have the conviction designated a misdemeanor under section 1170.18, subdivision (f). Unlike the year of parole authorized under subdivision (d) for defendants whose sentence is subject to recall and resentencing under subdivision (a), subdivision (f) does not provide for a period of parole.

We continue to adhere to the position this court first articulated in *People v. Morales* (2015) 238 Cal.App.4th 42, review granted August 26, 2015, S228030 (*Morales*), that a defendant serving a term of PRCS is still serving a sentence under section 1170.18, subdivision (a). That conclusion does not conflict with any Court of Appeal decision and, in any event, we must decide *this* case. Accordingly, we affirm that

3

the trial court here correctly imposed parole, after recalling defendant's felony sentence and imposing a misdemeanor sentence instead.

We agree with defendant, however, that the trial court erred in failing to apply excess custody credits he earned under his former felony sentence, and in failing to ensure the parole term it imposed did not result in a total term exceeding defendant's original sentence.

In *Morales*, this court held defendants are entitled to have their excess custody credits counted toward their period of parole and eligible fines. A month later, the Supreme Court granted review of *Morales*, as well as in *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted August 26, 2015, S227964, a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue. The split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431, review granted October 4, 2015, S229296, and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted December 9, 2015, S230374 (*Armogeda*).

In *People v. Pinon* (2015) 238 Cal.App.4th 1232 (*Pinon*), review granted November 18, 2015, S229632, this court concluded that imposition of a parole period longer than a defendant's remaining PRCS term, and therefore longer than the total term of the defendant's original sentence, violated section 1170.18, subdivision (e), which provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."

Based on the foregoing, it is apparent the California Supreme Court will speak to and resolve in a dispositive fashion the issues presented in this appeal. In the meantime, we must decide this case, and we find sound the logic and conclusions reached in *Morales*, *Pinon*, and *Armogeda*.

4

## III

## DISPOSITION

Consequently, we affirm the trial court's decision to impose a period of parole after recalling defendant's sentence under Proposition 47 and resentencing him under section 1170.18, subdivisions (a) and (d).  But we reverse the sentence and remand for resentencing because the court failed to apply to the parole period and eligible fines the excess custody credits defendant earned under his felony sentence.  In resentencing defendant, the trial court must ensure any parole period it imposes does not result in a total term exceeding defendant's original sentence.


ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.